

DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | | Case No. 14-21846 DER |
| **LINDA S. STIDHAM,** | * | |
| | | (Chapter 13) |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR SUNSET MORTGAGE LOAN TRUST, SERIES 2014-1, BY AND THROUGH SELENE FINANCE LP, ITS SERVICER AND ATTORNEY-IN-FACT,** | * | |
| Movant, | * | |
| vs. | * | |
| **LINDA S. STIDHAM** | * | |
| **BILLIE J. SUPRIK,** | | |
| | * | |
| Respondents. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CONSENT ORDER MODIFYING AUTOMATIC STAY
AND TERMINATING CO-DEBTOR STAY
(22 Leeway Drive, Baltimore, Maryland 21222)**

**WHEREAS**, Linda S. Stidham, the debtor in the above-captioned case (the "Debtor"), commenced this action (the "Bankruptcy Case") by filing a petition under chapter 13 of the Bankruptcy Code on July 29, 2014 (the "Petition Date");

1

**WHEREAS**, prior to the Petition Date, November 29, 2000, the Debtor and non-debtor individual, Billie J. Suprik (the "Co-Debtor"), executed a note in favor of Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as trustee for Sunset Mortgage Loan Trust, Series 2014-1, by and through Selene Finance LP, its Servicer and Attorney-in-Fact ("Movant"), successor by assignment, in the principal amount of $97,450.00 (the "Note");

**WHEREAS**, obligations under the Note are secured by a deed of trust ("the Deed of Trust"), encumbering that real property owned by Debtor and Co-Debtor commonly known as *22 Leeway Drive, Baltimore, Maryland 21222* (the "Property");

**WHEREAS**, Debtor and Co-Debtor have failed to make certain post-petition payments under the Note and, as such, currently have a post-petition arrearage under the Note that consists of legal fees, costs and expenses incurred by Movant in the following amount (the "Post-Petition Arrearage");

| | |
|---|---|
| Payments Due (for August 1, 2014 through and including January 1, 2015 in the amount of $726.70 each) | $4,360.20 |
| Attorneys' Fees, Costs, and Expenses preparing and prosecuting the Lift Stay Motion | $1,026.00 |
| **Total Post-Petition Arrearage as of January 31, 2015** | **$5,386.20** |

**WHEREAS**, as a result of the Post-Petition Arrearage and other issues, Movant filed a motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) and co-debtor stay of 11 U.S.C. § 1301(a) so that it could foreclose on the Property [Paper No. 30] (the "Lift Stay Motion");

**WHEREAS**, the Co-Debtor has failed to file a response to the Lift Stay Motion;

**WHEREAS**, the Debtor and Movant desire to resolve the matters at issue in the Lift Stay Motion and, therefore, have agreed to enter into this Consent Order;

**WHEREAS**, the parties hereby each acknowledge that they have been represented by legal counsel in connection with this Consent Order, and that each party has participated in the drafting and negotiation of this Consent Order prior to its execution;

**NOW, THEREFORE**, it is hereby stipulated, agreed and, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the co-debtor stay of 11 U.S.C. § 1301(a) be and is hereby terminated as to Movant regarding its interest in the Property due to no response being filed by Co-Debtor;

**ORDERED**, that the automatic stay of 11 U.S.C. § 362(a) be and is hereby terminated as to Movant regarding its interest in the Property; and it is further

**ORDERED**, that despite the termination of the automatic stay of 11 U.S.C. § 362(a) and co-debtor stay of 11 U.S.C. § 1301(a), and provided Debtor is not in default of this Consent Order, Movant shall forbear from exercising its rights of foreclosure; and it is further

**ORDERED**, that beginning February 1, 2015, Debtor shall resume making regular monthly payments due and owing under the Note in the form of certified funds in the amount of $726.70 (the "Mortgage Payments"); and it is further

**ORDERED**, that all Mortgage Payments shall be made and received by Movant in accordance with the terms and conditions provided for in the Note; and it is further

**ORDERED**, that also beginning February 15, 2015, Debtor shall cure the Post-Petition Arrearage by making six (6) consecutive, monthly payments in the form of certified funds as each in the amount of $897.70; and it is further

**ORDERED**, that all Cure Payments shall be made and received by Movant on or before the 15th day of each and every month until the Post-Petition Arrearage is paid in full; and it is further

**ORDERED**, that Debtor shall remit the Mortgage Payments and Cure Payments directly to the following address:

> Selene Finance
> P.O. Box 71243
> Philadelphia, PA 19176

; and it is further

**ORDERED**, that, except as expressly changed by this Consent Order, the terms of the Note and Deed of Trust remain unchanged and in full force and effect; and it is further

**ORDERED**, that Debtor shall have two (2) opportunities to cure a default of any of the terms set forth in this Consent Order; and it is further

**ORDERED**, that, upon the default by Debtor of any of the terms set forth in this Consent Order, Movant shall file an affidavit of default with the Clerk of the Court providing Debtor ten (10) calendar days from its date to cure the default noted therein (the "Affidavit of Default"); and it is further

**ORDERED**, that should Debtor fail to timely cure the default noted in the Affidavit of Default, or upon the filing of a third and final Affidavit of Default, Movant shall then be authorized to immediately proceed with a foreclosure sale of the Property without further notice to this Court or to Debtor; and it is further

**ORDERED**, that in the event the Property is sold at foreclosure by Movant, Movant shall pay excess sale proceeds, if any, into Debtor's estate; and it is further

**ORDERED**, that subsequent to a foreclosure of the Property, the termination of the automatic stay and co-debtor stay granted herein shall allow any purchaser of the Property to exercise its rights under Md. Rule 14-102; and it is further

**ORDERED**, that, if Susquehanna forecloses on the Property, it shall be entitled to file an amended proof of claim within one hundred and twenty (120) days following the approval of the

final audit following its sale of the Property and application of the proceeds to the Debtor's obligations to Movant; and it is further

ORDERED, that the forbearance provisions of this Consent Order shall automatically terminate upon the conversion of the Bankruptcy Case to a case under any other chapter of the Bankruptcy Code; and it is further

ORDERED, that the terms of this Consent Order and the relief granted herein shall survive conversion of the Bankruptcy Case to a case under any other chapter of the Bankruptcy Code.

**CONSENTED TO:**

| | |
|---|---|
| /s/ Stephanie H. Hurley | /s/ Nicholas J. DelPizzo |
| Stephanie H. Hurley, Bar No. 16692 | Nicholas J. DelPizzo, III, Bar No. 24666 |
| Hofmeister, Breza & Leavers | 7222 Holabird Avenue |
| 11350 McCormick Road, | Baltimore, MD 21222 |
| Executive Plaza III, Suite 1300 | (410) 288-5788 |
| Hunt Valley, Maryland 21031 | |
| (410) 832-8822 ext. 213 | *(Attorney for Debtor)* |
| | |
| *(Attorney for Movant)* | |

    I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the _____/s/_____ on this copy reference the signatures of consenting parties on the original consent order.

                                          /s/ Stephanie H. Hurley
                                          Stephanie H. Hurley

**END OF ORDER**